Common Pleas Court of Hamilton County.

JOSEPH R. TIMMERMAN *v.* CARLISLE N. SAMPSON ET AL.

Decided September 6, 1929.

*Robert N. Gorman* and *Edward T. Dixon,* for plaintiff. *Harry Weber,* for defendants.

MORROW, J.

Plaintiff and defendants were partners in an enterprise which contemplated the installation of a certain type of slot machine in various places in this and other states.

The court finds as a matter of fact that the slot machines knowingly were furnished for illegal purposes by the parties, that they were so used, and that the property the court is asked to take charge of by its receiver, has been employed in an illegal manner, and, or is, the fruit of an illegal business.

Plaintiff says that he is entitled to a certain share of the partnership assets, and that the defendants refuse to give to him that share. The defendants say that they are no longer conducting the business of installing slot machines and admit that a certain five thousand dollars ($5,000) was divided among certain defendants, excluding the

plaintiff from said division, and without consultation with him.

One of the defendants stated that he owned over $50,000 worth of real estate located in this county; and this was not contradicted, nor was it claimed that he was concealing or making away with his own property to defraud this plaintiff.

The situation is unusual. The parties not only were in a business against public policy, but one that involved the violation of criminal statutes and ordinances.

The rule set forth by the Supreme Court of the United States in 2 Wallace, 70, *Brooks* v. *Manton,* was surprising to this court. However, that concerns a contract against public policy—not a criminal transaction. The parties in that case were engaged in buying up soldiers' land warrants and Congress had legislated against this to the extent only of invalidating all such transactions upon proper proof.

It does not appear from the record that any criminal penalty attached.

This case followed several English cases which appear to make the distinction between a dispute as to a contract illegal in itself and a dispute as to the disposition of the fruits of an illegal contract.

However, the *Stevens* v. *Times Star case,* 72 O. S., 112, seems very like the instant case. That was an application for injunction and a receiver, the latter to take charge of a fund built up by a gambling scheme. The court says as to the parties:

"They are therefore each and every one of them *particeps criminis* in an illegal transaction. The general rule applicable to such a situation is that the law will aid neither party to enforce the contract while executory, nor where executed, will it aid either party to place himself in *status quo,* but will in both cases leave the parties where it finds them."

The spoil sought to be apportioned by the court now, came from an illegal business, criminal in its nature. As in the *Times Star case* above quoted, a receiver has been asked for, and we follow that case in denying such relief.